IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JOHN GARY SHEERER AND SONYA SHEERER, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No.: 17-cv-00366 |
| v. | )<br>)<br>) |
| HANDY LOCK, LLC. and JAMES HORNE, | )<br>)<br>) |
| Defendants. | ) |

_____

# COMPLAINT

Plaintiffs John Gary Sheerer and Sonya Sheerer (formerly Sonya Boykin) bring this action against Defendants Handy Lock, LLC. and James Horne ("Defendants") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §§ 201, et seq. and 28 U.S.C. § 1331.

2. Venue is this Court is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Each plaintiff is an individual residing in Baldwin County, Alabama.

4. Defendant Handy Lock, LLC is an entity formed under the laws of the State of Mississippi and which at all relevant times has operated self-storage facilities in Mobile and Baldwin County, Alabama and is subject to personal jurisdiction in the State of Alabama for purposes of this Lawsuit.

5. At all material times to this action, Defendant Handy Lock, LLC has been an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

6. Defendant James Horne has an ownership interest in Handy Lock, LLC and exercises operational control over significant aspects of the day-to-day operations of Handy Lock, LLC.

7. Defendant Hand Lock, LLC is an interstate company whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that moved in and/or were produced in commerce.

8. Defendants Handy Lock, LLC and James Horne are both employers "covered by the record-keeping, minimum wage, and overtime mandates of the FLSA."

## FACTS

A. Sonya Sheerer.

9. Plaintiff Sonya Sheerer was employed by Defendant as a Resident Manager at its Daphne, Alabama location from August, 2012 until her employment was terminated on June 26, 2017.

10. During her employment with Defendant, Plaintiff Sonya Sheerer was expected to work at least 45 hours a week during her employment and did in fact work at least 45 hours a week.  She was also expected to be available to address customer concerns before and after regular business hours, and on weekends.

11. Plaintiff Sonya Sheerer was paid twice a month by Defendant. During 2014, 2015 and 2016 she was paid $900.00 as "regular pay" twice a month.  During 2017 she was paid $901.25

during some twice-monthly pay periods as "regular pay" and $926.25 for other twice-monthly pay periods. Her "regular pay" never equaled or exceeded $455.00 a week or its bi-monthly equivalent.

12. The defendants did not make any payments to Sonya Sheerer for hours worked in excess of 40 hours a week, except that Sonya Sheerer was sometimes required to work as "relief" for which she was paid an additional $11.00 an hour.

13. In addition to bi-monthly payments of $900.00, $901.25 or $926.25, Sonya Sheerer received additional payments which were based on a formula applied to monthly revenues of the facility.

14. Plaintiff Sonya Sheerer did not manage any other employees and was not otherwise exempt from entitlement to overtime payments at time and a half of her regular rate as required by the FLSA.

15. Plaintiff Sonya Sheerer was not paid the amounts due her for hours worked in excess of 40 hours a week at time and a half her regular rate.  Her regular rate of pay varied by the pay period.

16. While Plaintiff Sonya Sheerer would record her regular work hours of 45 hours a week, the Defendant was aware, and expected, that she would be called upon to perform additional work activities as dictated by customer requests and Defendant did not require that such time be recorded.

17. In the absence of discovery and complete pay records, Plaintiff Sonya Sheerer estimates that she usually worked approximately 50 hours a week, and that during those weeks that she also worked as "relief" she usually worked approximately 50 hours plus the additional hours as "relief."

18. Sonya Sheerer's "regular rate" of pay is properly calculated by dividing the total compensation received during each pay period by the number of weeks and fractional weeks in the pay period (either 2, or 2 and 1/7, or 2 and 2/7) and dividing that result by 40.

B. <u>John Gary Sheerer.</u>

19. Plaintiff John Gary Sheerer regularly worked 50 – 60 hours a week for the Defendant from January, 2015 – May 12, 2016. He was not required by Defendant to record his time.

20. During that period of employment John Gary Sheerer was paid a salary of $975.00 twice a month.

21. The defendants did not make any payments to John Gary Sheerer for hours worked in excess of 40 hours a week.

22. John Gary Sheerer's salary of $975.00 twice a month ($23,400.00 a year) never equaled or excessed $455.00 a week ($23,660.00 a year)

23. Plaintiff Gary Sheerer did not manage any other employees, and was not otherwise exempt from entitlement to overtime payments at time and a half of her regular rate as required by the FLSA.

## COUNT I
(Alleging Violations of the FLSA)

24. All previous allegations are incorporated as though fully set forth herein.

25. Each Plaintiff is an employee fully entitled to the FLSA's protections.

26. The Defendants are each an employer covered by the FLSA.

27. The FLSA entitles employees (not otherwise exempt) to compensation "at a rate not less than one and one-half times the regular rate at which he is employed" for hours worked in excess of 40 hours a week. 29 U.S. § 207(a)(1).

28. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

Each Plaintiff seeks the following relief:

A. All unpaid overtime wages beginning three years prior to the date this action is filed;

B. Prejudgment interest;

C. Liquidated damages:

D. Litigation costs, expenses, and attorneys' fees; and

E. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Ian D. Rosenthal
Ian D. Rosenthal – ROSEI6905
Gregory E. Vaughan - VAUGG6227
HOLSTON, VAUGHAN & ROSENTHAL, LLC.
P.O. Box 195
Mobile, AL 36601
(251) 432-8883 (office)
(251) 432-8884 (fax)

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Handy Lock, LLC.
4051 Vancleave Road
Gautier, Mississippi 39553

James Horne
4051 Vancleave Road
Gautier, Mississippi 39553